UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARREN BAGERT PRODUCTIONS LLC,

              Petitioner,

        -against-

PULSE EVOLUTION CORPORATION,

              Respondent.
------------------------------------------------------------X

Case No.

**PETITION TO CONFIRM AN ARBITRATION AWARD PURSUANT TO 9 U.S.C. § 9**

Petitioner Darren Bagert Productions LLC, by its attorneys Loeb & Loeb LLP, for its Petition to Confirm an Arbitration Award pursuant to 9 U.S.C. § 9, alleges as follows:

## PARTIES

1.    Petitioner Darren Bagert Productions LLC ("DBP") is a New York limited liability company with its principal place of business at 1650 Broadway, Suite 610, New York, New York, 10019.  The sole member of DBP is Darren Bagert, who is an individual domiciled in New York.

2.    Upon information and belief, Respondent Pulse Evolution Corporation ("Pulse") is a Nevada corporation with its principal place of business at 10521 SW Village Center, Suite 201, Port St. Lucie, Florida, 34987.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

4. The Court has personal jurisdiction over Pulse pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and in accordance with the Letter Agreement between the parties dated as of June 1, 2015 (the "Agreement," attached as Exhibit A hereto), and because Pulse transacts, conducts, and/or solicits business in New York and contracts to supply goods and services in New York.

5. Venue in the Southern District of New York is proper pursuant to Section 9 of the FAA, 9 U.S.C. § 9, according to the terms of the Agreement. *See also* JAMS Comprehensive Arbitration Rules & Procedures, Rule 25 ("The Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof.").

## INTRODUCTION

6. DBP seeks an Order (A) confirming the final award in *Darren Bagert Productions LLC v. Pulse Evolution Corporation* (JAMS Ref. No. 1425022307) (the "Arbitration") and (B) granting judgment in favor of DBP, in accordance with the Final Award dated June 27, 2017 issued in the Arbitration, in the total amount of $524,196, representing the sum of (i) $513,000 in damages and (ii) $11,196 in costs incurred in connection with the Arbitration.

7. As described in detail below, the Arbitrator, the Hon. Kathleen A. Roberts (Ret.), awarded to DBP the monetary relief described above. A copy of the Arbitrator's Final Award dated June 27, 2017 (the "Final Award") is attached as Exhibit B hereto.

## BACKGROUND

8.      DBP is a theatrical production company owned and operated by Tony Award-winning Broadway producer Darren Bagert.  Pulse is a company that owns digital technology that creates performances that integrate holographic representations of note-worthy individuals. DBP and Pulse entered into a Letter Agreement dated as of June 1, 2015 (the "Agreement"), wherein Pulse engaged DBP to serve as Executive Producer of a commercial musical stage show owned by Pulse and utilizing Pulse's intellectual property, featuring virtual images of Elvis Presley, to be titled "The King" ("The King").

9.      Mr. Bagert, on behalf of DBP, fulfilled his duties under the Agreement.  Since March 2015, he rendered services including, but not limited to: identifying and meeting with potential general managers alongside Pulse's Chief Creative Officer, Frank Patterson; participating in multiple conference calls and meetings to negotiate and clarify the underlying rights for The King; developing alongside Mr. Patterson current financial budgets and projections for a worldwide rollout of The King; meetings with Authentic Brands Group (ABG) (which holds the rights to Elvis Presley's image, likeness, and brand), including multiple conference calls as well as in-person meetings; and securing experienced legal counsel for The King, Loren Plotkin of Levine, Plotkin & Menin, LLP.  Mr. Bagert's name, biography, and likeness were also used by Pulse in pitch materials concerning The King that were presented to a multitude of potential investors around the world.

10.     Under the terms of the Letter Agreement, DBP was entitled to receive 200,000 shares of Pulse common stock upon execution.  DBP received only "restricted" stock, which was not specified in the Agreement, and which DBP was unable to sell on the open market.  Pulse refused DBP's request to issue unrestricted shares of stock to DBP.

11. Additionally, the Letter Agreement provided that Pulse was to pay DBP: (i) a "non-recoupable fee" in the amount of $75,000, which was due within 60 days of execution of the Agreement, and by no later than August 1, 2015; (ii) an "interim advance" against the Production Fee (the Production Fee being a fee owed to DBP in the amount of 1.5% of the production's total capitalization), which was due to DBP if Pulse failed to pay the total Production Fee by October 1, 2015; and (iii) in the event the Production Fee was not paid by April 1, 2016, a second "interim advance" against the Production Fee in the amount of $75,000. Pulse failed to make any payment to DBP.

12. On October 27, 2016, Pulse initiated an arbitration proceeding before Judicial Arbitration and Mediation Services ("JAMS") to recover damages for breach of the Agreement. Pulse did not submit any formal response to DBP's Demand for Arbitration, but the Chairman of Pulse, John Textor, participated in the arbitration process by communicating with JAMS.

13. JAMS sent DBP and Pulse a Notice of Hearing to be held on May 9, 2017. At Mr. Textor's request on Pulse's behalf, and with DBP's consent, the arbitration hearing was adjourned to June 20, 2017.

14. Pursuant to JAMS Rule 20(a), DBP submitted and served on Pulse a pre-hearing submission consisting of: (i) a list of witnesses that DBP intended to call at the hearing; (ii) a short description of the anticipated testimony of its witness, Darren Bagert; and (iii) a list of exhibits to be used at the hearing. Pulse did not submit a pre-hearing submission pursuant to JAMS Rule 20(a).

15. On June 20, 2017, DBP appeared for an arbitration hearing before the Arbitrator. Pulse failed to appear, and the arbitration proceeded in accordance with JAMS Rule 22(j). At the

hearing, DBP presented the sworn testimony of Darren Bagert, and documents were admitted into evidence.

16. DBP sought an award of damages in the total amount of $513,000, consisting of $225,000 in damages arising out of Pulse's failure to make the three payments owed to DBP under the Letter Agreement, plus $288,000 in damages incurred as a result of Pulse's failure to issue unrestricted—and thus, transferable—shares of Pulse (PLFX) stock, calculated at $1.44 per share for DBP's 200,000 shares. DBP submitted that $1.44 was an appropriate measure of the per-share worth of DBP's shares of Pulse stock, because as part of the limited share-repurchase program approved by Pulse's Board of Directors in November 2015, Pulse repurchased 479,000 shares of Pulse stock at an average of $1.44 per share, for a total cost of $687,000, through June 24, 2016.

17. Based upon the testimony offered by Mr. Bagert at the hearing, as well as the documentary evidence that DBP submitted at the hearing, the Arbitrator issued a Final Award in favor of DBP on June 27, 2017, finding that Pulse breached the Agreement and further finding that DBP is entitled to recover from Pulse the costs of the Arbitration. (Ex. B).

18. The Final Award provides that Pulse is obligated to pay DBP a total of $524,196, representing the sum of $513,000 in damages and $11,196 in costs incurred in connection with the Arbitration. (Ex. B).

19. The Final Award was served on the parties by U.S. mail and by email on June 27, 2017. A copy of the proof of service of the Final Award is attached as Exhibit C hereto.

20. The Final Award was not a product of corruption, fraud, partiality, or undue means, and is not subject to any of the grounds for vacatur set forth under 9 U.S.C. § 10.

21. This Petition is filed within one year of the Final Award's issuance.

5

22. To date, Pulse has not voluntarily satisfied the Final Award.

**WHEREFORE**, Petitioner prays that this Court issue an Order:

1. Confirming the June 27, 2017 Final Award entered in the Arbitration (Exhibit B hereto);

2. Directing that judgment be entered in favor of Petitioner Darren Bagert Productions LLC, and against Respondent Pulse Evolution Corporation, in the amount of $524,196; and

3. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 17, 2017

Respectfully submitted,

LOEB & LOEB LLP

By: */s/ Sarah Schacter*
Jonathan Zavin
Sarah Schacter
345 Park Avenue
New York, New York 10154-0037
(212) 407-4000
Fax: (212) 407-4990
*Attorneys for Petitioner*
*Darren Bagert Productions LLC*

# EXHIBIT A

# DARREN BAGERT
Productions

40 west 55th street, # 5c
new york, new york  10019
tel 212.969.9222
cell 212.706.3800
db@darrenbagert.com

Dated:  As of June 1, 2015

PULSE EVOLUTION CORPORATION ("Pulse")
10521 SW Village Ctr., Suite 201
Port St. Lucie, Florida  34987
Attention: Frank Patterson, CEO

Dear Frank,

      This letter agreement, when signed by both of us, shall constitute a binding agreement. At some time in the future we may decide to create a longer, more complete written agreement but until that time (if it occurs) and until such document is executed by both of us, this letter agreement shall remain binding.

      Pulse will organize a new limited liability company in the State of ___Delaware___, currently anticipated to be called EPLS, LLC ("EPLS"), to develop, produce, exhibit and otherwise exploit a commercial musical stage show ("Presentation") featuring live performances integrated with a holographic or other, similar image of Elvis Presley (hereinafter referred to as "Virtual Elvis") and will grant an exclusive license of Virtual Elvis to EPLS to the extent such rights shall be necessary to exploit the Presentation.

      Pulse engages Darren Bagert Productions LLC ("DBP") to act as Executive Producer ("EP") of the Presentation as of the date hereof.  As EP, DBP shall render the following services:

      Darren Bagert, on behalf of DBP shall work closely with Frank Patterson, with whom he will jointly oversee every aspect of development, pre-production, and all production elements including, but not limited to:

      (a)    identifying and introducing all key management and creative production personnel necessary for the development and exploitation of the Presentation. These personnel include, but are not limited to:  general management, production counsel, director, book/script writer, music arranger and orchestrator, music director, choreographer, technical director, production manager, set designer, sound designer, special effects specialist, lighting designer, costume designer, choreographer, casting director, advertising and marketing team (collectively, the "Team");.

      (b)    supervising and working closely with the Team to develop financial budgets and projections including but not limited to: production budget, weekly operating budget, recoupment schedule and production timeline which may be modified and re-assessed as needed with Frank Patterson;

      (c)    attending investor or 'pitch' meetings and set production meetings with key Team members on an ongoing basis until the first public performance, which is currently forecast for late 2016 or early 2017.

      (d)    DBP shall serve as an advisor to the management, directors, and founders of Pulse regarding the live stage production industry, and accepting the role of an Advisory Board Member. The roles and responsibilities of the Advisory Board Member will be mutually agreed to and stated in a separate agreement.

For its role as EP, DBP shall receive the following:

(v)     upon the execution hereof, DBP shall receive 200,000 shares of Pulse (PLFX) common stock;

(w)     upon the execution hereof, a non-recoupable fee of $75,000 payable with 60 days or no later than August 1, 2015;

(x)     upon the capitalization of EPLS, an amount equal to 1.5% of the Presentation's total capitalization, whether contributed as equity or as loans and all other sums necessary for the development, creation and production of the Presentation commercially. The current estimated budget is between $15,000,000 and $25,000,000. In the event the budget is $15,000,000, DBP would receive a fee of $225,000 ("Production Fee").

(y)     EPLS shall pay to DBP interim advances against its Production Fee. In the event the Production Fee is not paid by October 1, 2015, Pulse will pay an advance against the Production Fee of $75,000 to DBP on account of its Production Fee and if the Production Fee is not paid by April 1, 2016, Pulse will pay a further advance of $75,000 on account of its Production Fee.

(z)     As further consideration for its services, Pulse and EPLS agree to pay to DBP 2.5% of 100% of the net profits of the Presentation not less frequently than quarter annually. Net profits shall be defined for DBP no less favorably than for any other net profits recipient. The license fees paid from EPLS to Pulse or otherwise shall be commercially reasonable and consistent with customary theatrical convention and consistent with other license fees previously paid for the intellectual property licensed to EPLS. It is intended that 2.5% of the net profits will be computed fairly and in good faith without unreasonable deductions in favor of Pulse, its affiliates and/or any third party.

In addition to the foregoing, DBP will be reimbursed for any out of pocket expenses in connection with the development of the stage production including but not limited to travel, hotel, meetings, car service, airport transport and similar charges.  These reimbursements will be paid within 10 days of submission of receipts from DBP.

For its services in connection with the initial Presentation, DBP will be paid the same sums set forth above in (v), (w), (x) and (z) above from all additional companies under the license, control or auspices of EPLS and/or Pulse and/or their affiliates, provided that the fee payable under (w) shall be paid upon the first day of rehearsal of such company. Pulse represents and warrants that it holds the worldwide rights to Virtual Elvis and will not make any license or transfer of rights to adversely affect DBP's rights under this paragraph.

After the first public performance of the Presentation, Frank Patterson and Pulse may invite DBP to stay on as "Producer" to maintain and continue the roll out of all production elements to multiple cities across North American, Europe, Asia, etc.  It is understood that in such event, Pulse will enter into an additional agreement with DBP, to be negotiated in good faith.

Darren Bagert and DBP shall be named an additional insured under all liability and errors and omissions insurance obtained by Pulse, EPLS and any of their affiliates in connection with the Presentation and any other exploitation of the rights contemplated hereunder.

The parties agree that any dispute or claim arising out of this Agreement (including, without limitation, this agreement to arbitrate) shall be submitted to final, binding arbitration conducted in New York, New York, under the Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Services Inc. (or successor) before a single, neutral arbitrator who is a former or retired state or federal court judge with experience in entertainment matters who shall follow New York law and the Federal Rules of Evidence.  Either party may enforce a final arbitration award in any court of competent jurisdiction in New York County, including an award of costs, fees and expenses incurred in enforcing the award.

SIGNATURE PAGE TO LETTER AGREEMENT DATED AS OF APRIL 1, 2015 BETWEEN DARREN BAGERT PRODUCTIONS LLC AND PULSE EVOLUTION CORPORATION

Please sign a copy of this letter to acknowledge your agreement.

Very truly yours,

DARREN BAGERT PRODUCTIONS LLC

By: *[signature]*

Agreed:

PULSE EVOLUTION CORPORATION

By: *[signature]*

# EXHIBIT B

```
JAMS NEW YORK
-----------------------------------------------------------X
In the Matter of the Arbitration Between

DARREN BAGERT PRODUCTIONS LLC,

                        Claimant,
        and                                      FINAL AWARD

PULSE EVOLUTION CORPORATION,

                        Respondent.
-----------------------------------------------------------X
```

This arbitration was commenced on October 27, 2016. The agreement to arbitrate is contained in a Letter Agreement between Darren Bagert Productions LLC (DBP) and Pulse Evolution Corporation (Pulse), dated "as of June 15, 2015," which is the subject of the arbitration, and which is annexed as Exhibit A to the Demand for Arbitration. Pursuant to the Letter Agreement, this arbitration is governed by the laws of the State of New York and JAMS Comprehensive Arbitration Rules and Procedures.

Respondent has not submitted a formal response to the Demand pursuant to JAMS Rule 9(c), but Respondent's Chairman, John Textor, has communicated with JAMS and participated in the arbitration process by email correspondence and attendance at telephone conferences with the Arbitrator and counsel for Claimant.

Pursuant to JAMS Rule 19(b), Respondent was sent on or about March 13, 2017, a Notice of Hearing to be held on May 9, 2017, at the JAMS Resolution Center, 620 Eighth Avenue, 34th Floor, New York, NY 10018.

At the request of Mr. Textor, and with the consent of Claimant, the arbitrator agreed on May 5, 2017, to adjourn the arbitration hearing to June 20, 2017.

1

Pursuant to JAMS Rule 20(a) Claimant submitted and served on Respondent on or about June 6, 2017, (1) a list of witnesses Claimant intended to call; (2) a short description of the anticipated testimony of each witness; and (3) a list of all exhibits to be used at the arbitration hearing. Respondent did not provide a Rule 20(a) submission.

Respondent failed to appear at the June 20, 2017 arbitration hearing. The arbitration therefore proceeded in accordance with JAMS Rule 22(j).

At the arbitration hearing on June 20, 2017, Claimant presented the sworn testimony of Darren Bagert, and the documentary evidence referenced in Claimant's Rule 20(a) submission.

Pulse is a company that owns digital technology that creates performances that integrate holographic representations of note-worthy individuals. DBP is a theatrical production company owned and operated by Tony Award-winning Broadway producer Darren Bagert. The Agreement, entered into by Pulse and DBP, engaged DBP to serve as Executive Producer of a commercial musical stage show ("The King") owned by Pulse and utilizing Pulse's intellectual property, featuring virtual images of Elvis Presley ("Elvis").

Mr. Bagert, on behalf of DBP, fulfilled his obligations under the Agreement. Since March 2015, he has rendered services including, but not limited to: identifying and meeting with two potential general managers (Foresight Theatricals and 101 Productions) alongside Pulse's Chief Creative Officer, Frank Patterson; multiple conference calls and meetings to negotiate and clarify the underlying rights; developing alongside Mr. Patterson current financial budgets and projections for a worldwide rollout of The King; meetings with Authentic Brands Group (which owns the rights to the Elvis image),

including multiple conference calls as well as in person meetings; and securing experienced legal counsel for The King with Loren Plotkin of Levine, Plotkin & Menin. Mr. Bagert's name, biography, and likeness have also been used by Pulse in pitch materials concerning The King to a multitude of potential investors around the world.

Under the terms of the Letter Agreement, DBP was entitled to receive 200,000 shares of Pulse (PLFX) common stock upon execution of the Letter Agreement. DBP received only "restricted" common stock, which was not specified in the Agreement, and which DBP was unable to sell on the open market. Pulse refused DBP's request to issue unrestricted common stock.

Under the terms of the Letter Agreement Pulse was obligated to pay DBP a "non-recoupable fee" in the amount of $75,000, which was due within 60 days of execution of the Agreement, and by no later than August 1, 2015. Pulse was also obligated to pay DBP interim advances against a specified Production Fee--specifically, in the event the Production Fee was not paid by October 1, 2015, Pulse was to pay an advance against the Production Fee of $75,000 to DBP, and in the event the Production Fee was not paid by April 1, 2016, Pulse was required to pay to DBP a further advance of $75,000. Pulse failed to make any payment to DBP.

Based upon the evidence presented at the June 20, 2017 arbitration hearing, I find that Respondent breached the Letter Agreement by failing to make payments totaling $225,000, and by failing to deliver 200 unrestricted shares of Pulse common stock, the reasonable value of which is $288,000 (based upon the price of $1.44 per share that Pulse reported in its 10K that it has paid to repurchase shares). I further find that Claimant is entitled to recover from Respondent the costs of this arbitration, in the amount of

$11,196.[1] Claimant is therefore entitled to judgment against Respondent in the total amount of $524,196.


SO ORDERED:

*Kathleen A. Roberts*
KATHLEEN A. ROBERTS
Arbitrator

June 27, 2017


STATE OF NEW YORK )
                               ) ss.:
COUNTY OF NEW YORK )

      I, Kathleen A. Roberts, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Final Arbitration Award.

*Kathleen A. Roberts*      June 27, 2017
Kathleen A. Roberts
Arbitrator

---

[1] Claimant advanced a total of $14,676. The final billing for the arbitration totals $11,196. Claimant will receive a refund from JAMS in the amount of $3,480.

4

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Darren Bagert Productions LLC vs. Pulse Evolution Corporation
Reference No. 1425022307

I, Lauren Cirillo, not a party to the within action, hereby declare that on June 27, 2017, I served the attached FINAL AWARD on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at New York, NEW YORK, addressed as follows:

Ms. Sarah Schacter
Jonathan Zavin Esq.
Loeb & Loeb, LLP
345 Park Ave.
New York, NY   10154
Phone: 212-407-4000
sschacter@loeb.com
jzavin@loeb.com
   Parties Represented:
   Darren Bagert Productions LLC

Mr. John Textor
Pulse Evolution Corporation
10521 SW village Center, Suite 201
Port Saint Lucie, FL   34987
Phone: 772-345-4100
john.textor@pulse.co
   Parties Represented:
   Pulse Evolution Corporation

I declare under penalty of perjury the foregoing to be true and correct. Executed at New York, NEW YORK on June 27, 2017.

Lauren Cirillo
lcirillo@jamsadr.com

# EXHIBIT C

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Darren Bagert Productions LLC vs. Pulse Evolution Corporation
Reference No. 1425022307

      I, Lauren Cirillo, not a party to the within action, hereby declare that on June 27, 2017, I served the attached FINAL AWARD on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at New York, NEW YORK, addressed as follows:

| | |
|---|---|
| Ms. Sarah Schacter<br>Jonathan Zavin Esq.<br>Loeb & Loeb, LLP<br>345 Park Ave.<br>New York, NY 10154<br>Phone: 212-407-4000<br>sschacter@loeb.com<br>jzavin@loeb.com<br>   Parties Represented:<br>   Darren Bagert Productions LLC | Mr. John Textor<br>Pulse Evolution Corporation<br>10521 SW village Center, Suite 201<br>Port Saint Lucie, FL 34987<br>Phone: 772-345-4100<br>john.textor@pulse.co<br>   Parties Represented:<br>   Pulse Evolution Corporation |

      I declare under penalty of perjury the foregoing to be true and correct. Executed at New York, NEW YORK on June 27, 2017.

Lauren Cirillo
lcirillo@jamsadr.com