UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                      :
DARREN BAGERT PRODUCTIONS LLC,    :
                                                      :   Case No. 17-cv-05391
               Petitioner,            :
                                                      :   **PETITIONER'S MEMORANDUM**
         -against-                 :   **OF LAW IN SUPPORT OF ITS**
                                                       :   **PETITION TO CONFIRM**
PULSE EVOLUTION CORPORATION,      :   **AN ARBITRATION AWARD**
                                                       :   **PURSUANT TO 9 U.S.C. § 9**
               Respondent.          :
                                                       :
----------------------------------------------------------X

Petitioner Darren Bagert Productions LLC ("DBP" or "Petitioner"), by its attorneys Loeb & Loeb LLP, respectfully submits this memorandum in support of its petition, pursuant to 9 U.S.C. § 9, to confirm its arbitration award against Respondent Pulse Evolution Corporation ("Pulse" or "Respondent").

## PRELIMINARY STATEMENT

By its Petition to Confirm an Arbitration Award Pursuant to 9 U.S.C. § 9 (the "Petition"), DBP seeks an Order (A) confirming the final award in *Darren Bagert Productions LLC v. Pulse Evolution Corporation* (JAMS Ref. No. 1425022307) (the "Arbitration") and (B) granting judgment in favor of DBP, in accordance with the Final Award dated June 27, 2017 issued in the Arbitration, in the total amount of $524,196, representing the sum of (i) $513,000 in damages and (iii) $11,196 in costs incurred in connection with the Arbitration. The Arbitrator, the Hon. Kathleen A. Roberts (Ret.), awarded to DBP the monetary relief described above. (*See* Petition, Ex. B).

Because none of the grounds for modification or vacatur set forth under the Federal Arbitration Act ("FAA") are present here, confirmation of the Final Award is required under the FAA.

I.  **BACKGROUND**

DBP is a theatrical production company owned and operated by Tony Award-winning Broadway producer Darren Bagert.  (Petition ¶ 8).  Pulse is a company that owns digital technology that creates performances that integrate holographic representations of note-worthy individuals.  (*Id.*).  DBP and Pulse entered into a Letter Agreement dated as of June 1, 2015 (the "Agreement"), wherein Pulse engaged DBP to serve as Executive Producer of a commercial musical stage show owned by Pulse and utilizing Pulse's intellectual property, featuring virtual images of Elvis Presley, to be titled "The King" ("The King").  (*Id.* ¶ 8 & Ex. A).

Under the terms of the Letter Agreement, DBP was entitled to receive 200,000 shares of Pulse common stock upon execution.  (Petition ¶ 10 & Ex. A, ¶ (v)).  DBP received only "restricted" stock, which was not specified in the Agreement, and which DBP was unable to sell on the open market.  (*Id.* ¶ 10).  Pulse refused DBP's request to issue unrestricted shares of stock to DBP.  (*Id.*).  Additionally, the Letter Agreement provided that Pulse was to pay DBP: (i) a "non-recoupable fee" in the amount of $75,000, which was due within 60 days of execution of the Agreement, and by no later than August 1, 2015; (ii) an "interim advance" against the Production Fee (the Production Fee being a fee owed to DBP in the amount of 1.5% of the production's total capitalization), which was due to DBP if Pulse failed to pay the total Production Fee by October 1, 2015; and (iii) in the event the Production Fee was not paid by April 1, 2016, a second "interim advance" against the Production Fee in the amount of $75,000.  (*Id.* ¶ 11 & Ex. A ¶¶ (w)-(y)).  Pulse failed to make any payment to DBP.  (*Id.* ¶ 11).

Mr. Bagert, on behalf of DBP, fulfilled his duties under the Agreement.  (Petition ¶ 9).  Since March 2015, he rendered services including, but not limited to: identifying and meeting with potential general managers alongside Pulse's Chief Creative Officer, Frank Patterson;

participating in multiple conference calls and meetings to negotiate and clarify the underlying rights for The King; developing alongside Mr. Patterson current financial budgets and projections for a worldwide rollout of The King; attending meetings with Authentic Brands Group (ABG) (which holds the rights to Elvis Presley's image, likeness, and brand), including multiple conference calls as well as in person meetings; and securing experienced legal counsel for The King, Loren Plotkin of Levine, Plotkin & Menin LLP. (*Id.*). Mr. Bagert's name, biography, and likeness were also used by Pulse in pitch materials concerning The King to a multitude of potential investors around the world. (*Id.*).

On October 27, 2016, Pulse initiated an arbitration proceeding before Judicial Arbitration and Mediation Services ("JAMS") to recover damages for breach of the Agreement. (Petition ¶ 12). Pulse did not submit any formal response to DBP's Demand for Arbitration, but the Chairman of Pulse, John Textor, participated in the arbitration process by communicating with JAMS. (*Id.* ¶ 12 & Ex. B at p. 1). JAMS sent DBP and Pulse a Notice of Hearing to be held on May 9, 2017. (*Id.* ¶ 13 & Ex. B at p. 1). At Mr. Textor's request on Pulse's behalf, and with DBP's consent, the arbitration hearing was later adjourned to June 20, 2017. (*Id.*).[1]

On June 20, 2017, DBP appeared for an arbitration hearing before the Arbitrator. (Petition ¶ 15 & Ex. B at p. 2).[2] At the hearing, DBP presented the sworn testimony of Darren Bagert, and documents were admitted into evidence. (*Id.*). DBP sought an award of damages in

---

[1] Pursuant to JAMS Rule 20(a), DBP submitted and served on Pulse a pre-hearing submission consisting of: (i) a list of witnesses DBP intended to call at the hearing; (ii) a short description of the anticipated testimony of its witness, Darren Bagert; and (iii) a list of exhibits to be used at the hearing. (Petition ¶ 14). Pulse did not submit a pre-hearing submission pursuant to JAMS Rule 20(a). (*Id.* ¶ 14 & Ex. B at p. 2).

[2] Pulse failed to appear, and the arbitration proceeded in accordance with JAMS Rule 22(j). (*Id.*).

the total amount of $513,000, consisting of $225,000 in damages arising out of Pulse's failure to make the three payments owed to DBP under the Letter Agreement, plus $288,000 in damages incurred as a result of Pulse's failure to issue unrestricted—and thus, transferable—shares of Pulse (PLFX) stock, calculated at $1.44 per share for DBP's 200,000 shares. (*Id.* ¶ 16).[3]

Based upon the testimony offered by Mr. Bagert at the hearing, as well as the documentary evidence that DBP submitted at the hearing, the Arbitrator issued a Final Award in favor of DBP on June 27, 2017, finding that Pulse breached the Agreement and further finding that DBP is entitled to recover from Pulse the costs of the Arbitration. (Petition ¶ 17 & Ex. B at p. 3). The Final Award concluded that DBP incurred damages in the total amount of $513,000 as well as costs in the amount of $11,196. (*Id.* ¶ 18 & Ex. B at pp. 3-4). The Final Award was served on the parties by U.S. mail and by email on June 27, 2017. (*Id.* ¶ 19 & Ex. C).

Under the Final Award, Pulse is obligated to pay DBP $524,196, representing the sum of (i) $513,000 in damages and (ii) $11,196 in costs incurred in connection with the Arbitration. (Petition, Ex. B at pp. 3-4). To date, Pulse has not voluntarily satisfied the Final Award. (*Id.* ¶ 22).

## II. THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION

The Court has subject matter jurisdiction over this action, because there is complete diversity between the parties, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Petitioner is a New York limited liability company and its sole member, Darren

---

[3] DBP submitted to the Arbitrator that $1.44 was an appropriate measure of the per-share worth of DBP's shares of Pulse stock, because as part of the limited share-repurchase program approved by Pulse's Board of Directors in November 2015, Pulse repurchased 479,000 shares of Pulse stock at an average of $1.44 per share, for a total cost of $687,000, through June 24, 2016. (*Id.*).

Bagert, is an individual domiciled in New York.  (Petition ¶ 1).  Respondent is a Nevada corporation with its principal place of business in Florida.  (*Id.* ¶ 2).  The amount in controversy is $524,196.  (*Id.* ¶ 6).

### III.  CONFIRMATION OF THE FINAL AWARD IS REQUIRED UNDER THE FAA

Under Section 9 of the FAA, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award."  9 U.S.C. § 9.  "If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."  *Id.*  Here, the Agreement provides that "[e]ither party may enforce a final arbitration award in any court of competent jurisdiction in New York County, including an award of costs, fees and expenses incurred in enforcing the award." (Petition, Ex. A at p. 2).

Confirmation of an arbitration award is mandatory unless a party shows that the award should be vacated or modified for one or more of the reasons for vacatur or modification that are enumerated in Section 10 of the FAA.  9 U.S.C. § 9 (providing that "the court must grant" an order confirming the arbitration award "unless the award is vacated, modified, or corrected as prescribed in [FAA] sections 10 and 11"); *see also Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589 (2d Cir. 2016) (confirming arbitration award where respondent did "not establish[] any ground for vacating the arbitral award" under the FAA).

"'[T]o avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation,' arbitral awards 'are subject to very limited review.'"  *Zurich Am. Ins. Co.*, 811 F.3d at 588 (quoting *Folkways Music Publishers, Inc.*

*v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993)).  Thus, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal citation and quotation marks omitted).

Here, the Final Award was not a product of corruption, fraud, partiality, or undue means, and is not otherwise subject to any of the grounds for vacatur or modification provided under the FAA.  Accordingly, confirmation of the Final Award is required under the FAA.

### III. CONCLUSION

For the foregoing reasons, Petitioner respectfully asks that this Court:

1. Confirm the June 27, 2017 Final Award entered in the Arbitration;

2. Direct that judgment be entered in favor of Petitioner and against Respondent in the amount of $524,196; and

3. Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 17, 2017

Respectfully submitted,

LOEB & LOEB LLP

By: */s/ Sarah Schacter*
Jonathan Zavin
Sarah Schacter
345 Park Avenue
New York, New York 10154-0037
(212) 407-4000
Fax: (212) 407-4990
*Attorneys for Petitioner*
*Darren Bagert Productions LLC*