USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/11/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                       :
DARREN BAGERT PRODUCTIONS LLC,    :
                                                      :
                          Petitioner,    :    1:17-cv-5391-GHW
                                                      :
          -against-    :    MEMORANDUM
                                                      :    OPINION AND
PULSE EVOLUTION CORPORATION,    :    ORDER
                                                      :
                                                      :
                                                  Respondent.    :
-------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

Petitioner Darren Bagert Productions LLC ("DBP" or "Petitioner") seeks to confirm an arbitration award obtained against Pulse Evolution Corporation ("Pulse" or "Respondent") pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Although the petition was properly served, respondent has not opposed the petition nor otherwise appeared in this action. For the following reasons, the award is CONFIRMED.

## I. BACKGROUND

Respondent Pulse is a Nevada-based company that owns digital technology and creates performances that include holographic representations of noteworthy individuals. Dkt. No. 9, Petitioner's Statement of Undisputed Facts ("Pet.'s 56.1") ¶ 6. On June 1, 2015, Pulse entered into a Letter Agreement with Petitioner DBP, a New York-based theatrical production company. *See* Dkt. No. 1, Petition to Confirm Arbitration Award ("Pet."), Ex. A ("Letter Agreement"). Pursuant to that Agreement, DBP was to serve as the Executive Producer of a musical stage show called "The King," featuring Pulse's intellectual property—specifically, virtual images of Elvis Presley. Pet.'s 56.1 ¶ 7.

Pursuant to the Letter Agreement, DBP would receive 200,000 shares of Pulse common stock upon execution. Letter Agreement ¶ (v). In addition, the Letter Agreement required Pulse to pay DBP: (i) a "non-recoupable fee" of $75,000 no later than August 1, 2015; (ii) an "interim advance" of the "Production Fee" (an amount equal to 1.5% of the total capitalization of the production) if the total Production Fee was not paid by October 1, 2015; and (iii) a second "interim advance" of the Production Fee in the amount of $75,000 if the Production Fee was not paid by April 1, 2016. Letter Agreement ¶¶ (w)-(y).

Petitioners state that Pulse violated the agreement by issuing 200,000 shares of "restricted" common stock, although the Letter Agreement provided for unrestricted shares. Pet.'s 56.1 ¶ 9. Petitioners also contend that Pulse failed to pay any of the amounts due under to the Letter Agreement. Pet.'s 56.1 ¶ 9. On October 27, 2016, DBP initiated an arbitration proceeding to recover damages for breach of the Letter Agreement. Pet.'s 56.1 ¶ 16.[1] Pulse did not submit a formal response to DBP's demand, but the arbitrator, Kathleen A. Roberts from Judicial Arbitration and Mediations Services Inc. ("JAMS"), communicated with Pulse's chairman John Textor. Pet.'s 56.1 ¶ 17. Despite this communication, and even after adjourning the arbitration at Mr. Textor's request, Pulse did not appear at the June 20, 2017 arbitration hearing. Pet.'s 56.1 ¶¶ 19, 22. At the hearing, DBP presented sworn testimony and documentary evidence concerning DBP's performance under the Letter Agreement and Pulse's failure to pay DBP for its services. Pet.'s 56.1 ¶ 24.

The arbitrator found that Pulse breached the Letter Agreement by failing to make payments totaling $225,000, and by failing to deliver 200,000 unrestricted shares of Pulse common stock. The

---

[1] The petition and accompanying papers state that Pulse, initiated the arbitration, but then go on to say that Pulse did not respond to "DBP's demand." *See* Pet. ¶ 12; Pet.'s 56.1 ¶ 16. Based on the caption of the arbitration proceeding, *see* Pet., Ex. B (Final Award), the Court understands that DBP initiated the arbitration, and therefore that the portions of the petition that reference Pulse as the party that initiated the proceedings do so by mistake.

2

arbitrator determined that those shares were worth $288,000, based on the $1.44/share price reported in Pulse's 10K filing. Pet.'s 56.1 ¶¶ 25-26. The arbitrator also found that DBP was entitled to recover the costs of the arbitration, in the amount of $11,196. Pet.'s 56.1 ¶ 29.

On July 17, 2017, Petitioner filed this petition for confirm the arbitration award. Petitioner requests confirmation of the arbitration award and entry of judgment in the amount of $524,196, representing the sum of (i) $513,000 in damages and (ii) $11,196 in costs incurred in connection with the arbitration. Pet. ¶ 6.

## II. ANALYSIS

### A. Jurisdiction

"The FAA does not independently confer subject matter jurisdiction on the federal courts" and consequently, "there must be an independent basis of jurisdiction before a district court may entertain petitions to confirm or vacate an award under the FAA." *Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (internal citations and punctuation omitted). In the petition, Petitioner invokes the Court's diversity jurisdiction. Pet. ¶ 3. In order for diversity jurisdiction to exist, there must be complete diversity between the parties, and the amount in controversy must be greater than $75,000. 28 U.S.C. § 1332(a).

Here, the uncontroverted allegations in the petition aver that Petitioner is a limited liability company whose sole member is domiciled in New York, while respondent is a Nevada corporation with its principal place of business in Florida. Pet. ¶¶ 1-2. When determining a party's citizenship for diversity purposes, a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). A corporation is "considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Id.* at 48 (citing 28 U.S.C. § 1332(c)(1)). As a result, the parties are diverse. The petition also alleges that the amount in controversy in this matter exceeds $75,000. Pet. ¶ 3. Accordingly,

3

the Court concludes that it has subject matter jurisdiction to entertain the petition pursuant to 28 U.S.C. § 1332.

## B. Discussion

Under Section 9 of the FAA, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9. Section 9 further provides that "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.*; *accord Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 583 (2008). Here, Petitioner's Letter Agreement with Respondent included the following provision:

> The parties agree that any dispute or claim arising out of this Agreement (including, without limitation, this agreement to arbitrate) shall be submitted to final, binding arbitration conducted in New York, New York, under the Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Services Inc. (or successor) before a single, neutral arbitrator who is a former or retired state or federal court judge with experience in entertainment matters who shall follow New York law and the Federal Rules of Evidence. Either party may enforce a final arbitration award in any court of competent jurisdiction in New York County, including an award of costs, fees and expenses incurrent in enforcing the award.

Letter Agreement, p. 2. Both Petitioner and Respondent agreed to this clause, and as a result, the parties have consented to arbitration and to judicial confirmation of the award. "Where the parties have so agreed, an arbitral award is entitled to strong deference, and confirmation ordinarily is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Idea Nuova, Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 180 (2d Cir. 2010) (internal citations and quotation marks omitted).

4

Sections 10 and 11 of the FAA enumerate the narrow grounds upon which an arbitration award may be vacated or modified. Under Section 10, an award may be vacated under one of the following four circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party may have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matters submitted was not made.

9 U.S.C. § 10(a). In addition to the grounds listed in Section 10(a), there is a fifth, "judicially-created ground, namely that an arbitral decision may be vacated when an arbitrator has exhibited a manifest disregard of law." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011) (citations and internal quotation marks omitted). In addition, under the FAA, courts may modify an award under the following three circumstances:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Thus, like unopposed motions for summary judgment, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

5

Here, there is no indication that the arbitrator's award was procured through fraud, dishonesty, or manifest disregard of the law, or that any other bases for vacating or modifying the award exist. Rather, the record demonstrates that the award is based on undisputed evidence that Respondent violated the Letter Agreement by failing to issue unrestricted common stock to Petitioner, and by failing to pay amounts owed to Petitioner under the Agreement. Accordingly, the award must be confirmed.

### III. CONCLUSION

For the reasons stated above, Petitioner's request to confirm the arbitration award is GRANTED. The Clerk of Court is directed to enter judgment in favor of Petitioner and against Respondent in the amount of the sum of $524,196.00 and to close this case.

Petitioner is directed to serve Respondent with a copy of this order and to retain proof of service.

SO ORDERED.

Dated: October 11, 2017
New York, New York

_____
GREGORY H. WOODS
United States District Judge